UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN RAFTOPOULOS,

    Plaintiff,

v.                                        Case No. 6:15-cv-1063-Orl-37KRS

THE CITY OF PALM BAY, et al.,,

    Defendants.
_____

## ORDER

This case is before the Court on Defendants Douglas Muldoon, Officer Richards, Sergeant Evans, and the City of Palm Bay's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Doc. 30); Defendants Steve Mimbs, Officer Hughes, and the City of Melbourne's Motion to Dismiss (Doc. 31); and Plaintiff's Response in Opposition[1] (Doc. 34). As discussed hereinafter, Defendants' Motions to Dismiss are granted.

---

[1] The Court entered an order allowing Plaintiff the opportunity to file a Response to the Motions to Dismiss. (Doc. 32). Upon review of Plaintiff's Response in Opposition (Doc. 34), it appears Plaintiff did not address Defendants Steve Mimbs, Officer Hughes, and the City of Melbourne's Motion to Dismiss (Doc. 31). In the interest of efficiency, the Court will nevertheless rule on the merits of both Motions to Dismiss. The Court cautions, however, that, in the future, failure to respond to motions by the deadlines set forth by this Court, the Federal Rules of Civil Procedure, and the Local Rules may result in motions being granted as unopposed.

I.   **FACTUAL BACKGROUND**[2]

Plaintiff, a prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Although Plaintiff delineates four generically labeled counts in the Complaint, he appears to be asserting that the City of Palm Bay, the City of Melbourne, Chief of Police Douglas Muldoon, Chief of Police Steve Mimbs, Officer Richards, Officer Hughes, and Sergeant Evans[3] violated his Fourth Amendment rights, "negligently or intentionally" inflicted severe mental and emotional distress, were negligent, and destroyed videotape evidence to conceal their actions. (Doc. 1-1 at 1-8). Plaintiff requests compensatory and punitive damages. (*Id.* at 8).

In support of his claims, Plaintiff asserts that on July 7, 2012, officers from the Melbourne Police Department stopped him. (Doc. 1-1 at 4). Defendant Evans, ten unidentified officers, and Defendant Hughes, who was a K-9 handler, placed Plaintiff on the ground. (Doc. 1-1 at 4). While ten unidentified officers were "mounted" on Plaintiff's back and he was subdued, Defendant Hughes brought a K-9 dog to Plaintiff's face and commanded it to attack Plaintiff. (*Id.* at 5). An unidentified officer told

---

[2] The following statement of facts is derived from Plaintiff's Complaint (Doc. Nos. 1; 1-1).

[3] Defendants Chief of Police Douglas Muldoon, Officer Richards, and Sergeant Evans are employed by the Palm Bay Police Department. (Doc. 1). Chief of Police Steve Mimbs and Officer Hughes are employed by the Melbourne Police Department. (*Id.*). Plaintiff sues all Defendants except the municipalities in their official and individual capacities. (Doc. 1-1 at 3). Plaintiff also sued Detective Shedrick and ten unidentified officers. However, Defendant Shedrick was terminated as a party to this action and the ten unidentified officers have not been served. *See* Doc. 32.

2

Defendant Hughes that an "emergency response" was in route and to call off the K-9 before it arrived.  (*Id.*).  The unidentified officers failed to protect Plaintiff while he was mauled by the K-9.  (*Id.*).  Defendant Hughes ordered the dog to cease its attack when the emergency response arrived.  (*Id.*).  Plaintiff suffered an injury to his left arm from the dog attack.  (*Id.*).

While Plaintiff was being attacked by the K-9, Defendant Richards repeatedly deployed his Taser to Plaintiff's back without provocation.  (*Id.*)  The unidentified officers failed to protect Plaintiff from Defendant Richards' use of the Taser.  (*Id.*).  Plaintiff suffers from a heart condition caused by the Taser.  (*Id.* at 6).  The use of force lasted approximately eight minutes.  (*Id.* at 5).

After the incident, Plaintiff sought the preservation of the videotape of the incident.  (*Id.* at 6).  Defendants City of Palm Bay, City of Melbourne, Chief of Police Mimbs, and Chief of Police Muldoon destroyed the videotape.  (*Id.*).  Additionally, Defendants City of Palm Bay, City of Melbourne, Chief of Police Mimbs, and Chief of Police Muldoon were responsible for training Defendants Hughes, Richards, Evans, and the ten unidentified officers.  (*Id.*).

## II.   STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  A complaint

3

must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must supply enough facts "to state a claim to relief that is plausible on its face," rather than simply "conceivable." *Twombly*, 550 U.S. at 570. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (citations omitted). In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III.   ANALYSIS

Defendants assert that the Complaint should be dismissed *inter alia* because it does not state a claim against some Defendants and otherwise does not comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed hereinafter, Defendants' Motions to Dismiss will be granted and Plaintiff will be provided an opportunity to file an Amended Complaint as to some Defendants and claims.

> A. **Section 1983 Claims against Defendants City of Palm Bay and City of Melbourne and Official Capacity Claims against Defendants Muldoon, Mimbs, Richards, Evans, and Hughes**

Defendants contend that Plaintiff has failed to state a claim against Defendants City of Palm Bay and City of Melbourne under 42 U.S.C. § 1983. (Doc. 30 at 3; Doc. 31 at 5-7). Defendants further argue that Plaintiff has failed to state a claim against Defendants Muldoon, Mimbs, Richards, Evans, or Hughes in their official capacity. (Doc. 30 at 4; Doc. 31 at 7-8).

Plaintiff concedes that his "*Monell*"[4] claim against Defendant City of Palm Bay should be dismissed for failure to state a claim on which relief may be granted. *See* Doc. 34 at 5. Plaintiff failed to respond to Defendants' arguments regarding Plaintiff's "*Monell*" claim against Defendant City of Melbourne or Plaintiff's official-capacity claims against Defendants. Presumably, Plaintiff's concession regarding the "*Monell*" claim against Defendant City of Palm Bay applies to his *Monell* claim against Defendant City of Melbourne because Plaintiff's allegations against these Defendants are the same. *See* Doc. 1-1 at 2-3, 6.

Moreover, given Plaintiff's concession regarding the "*Monell*" claim, presumably he concedes his claims against the remaining Defendants in their official capacity should be dismissed because "[s]uits against a municipality and against a municipal officer in his or her official capacity are functionally equivalent. . . ." *Thomas v. City of Palm Coast*,

---

[4] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

5

No. 3:14-CV-172-J-32PDB, 2015 WL 7429051, at *2 (M.D. Fla. Nov. 23, 2015). However, the Court will briefly address Plaintiff's § 1983 claims against Defendants City of Palm Bay and City of Melbourne and his official capacity claims against the remaining Defendants.

> A municipality can be a "person" subject to liability under Section 1983, but not under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).
>
> "Instead, it is when execution of a Government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694, 98 S. Ct. 2018.
>
> To prove Section 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law. *St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S. Ct. 915, 99 L.Ed.2d 107 (1988). In other words, a longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it. *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1479 (11th Cir. 1991).

*Feliciano v. City of Miami Beach*, 847 F. Supp. 2d 1359, 1365 (S.D. Fla. 2012). With respect to failure to train claims, the Eleventh Circuit has stated:

> Municipal policy or custom may include a failure to provide adequate training if the deficiency "evidences a deliberate indifference to the rights of its inhabitants." *Id.* at 388, 109 S. Ct. 1197. To establish a city's deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). A city may be put on notice in two ways. First, if the city is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, it is considered to be deliberately indifferent. *Id.* at 1351.

> Alternatively, deliberate indifference may be proven without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training would be obvious.  *Id.* at 1351-52.

*Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009).

Likewise, "'[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Penley v. Eslinger*, 605 F.3d 843, 844 (11th Cir. 2010) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). A suit against an individual in his official capacity is the same as a suit against the municipality.  *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) (citing *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997)).  "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom."  *Id.* at 1221 (footnote omitted) (citing *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986)).

Plaintiff alleges that Defendants City of Palm Bay and City of Melbourne were responsible for training its officers.  (Doc. 1-1 at 6).  He further asserts that Defendants Mimbs and Muldoon established policies and were responsible for training its officers. (*Id.* at 3).  Plaintiff has not alleged an unconstitutional custom, policy, or practice. Furthermore, Plaintiff has not alleged that Defendants knew of any specific need to train and made a deliberate choice not to train, nor has he identified a need for a specified training that was so obvious that their failure to do so shows deliberate indifference.

7

Instead, Plaintiff summarily alleges that Defendants failed "to properly or conscientiously train and supervise the conduct of such. . . Officers/Employees. . . and or to promulgate appropriate operating policies and procedures either formally, or by custom or practice. . . ." (Doc. 1-1 at 4). Consequently, after review of the Complaint and in light of Plaintiff's concession as to the *Monell* claim against Defendant City of Palm Bay, the Court concludes Plaintiff has failed to state a claim against Defendants City of Palm Bay and City of Melbourne for failure to train under § 1983 or against the remaining Defendants in their official capacity. *See, e.g., Bd. of the Cnty Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."). Thus, these claims will be dismissed.

    **B.**    **Count Two**

Defendants contends that count two of the Complaint should be dismissed because it fails to state a claim on which relief may be granted. (Doc. 31 at 8). Count two alleges that Defendants knowingly violated Plaintiff's civil rights. (Doc. 1-1 at 7). Count two also incorporates all of the preceding paragraphs of the Complaint. (*Id.*).

Defendants correctly note that, "'[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare Rights*

8

*Organization,* 441 U.S. 600, 617 (1979)).  Therefore, to the extent Plaintiff is alleging a claim solely for violation of 42 U.S.C. § 1983, count two does not state a claim on which relief may be granted.

However, Plaintiff has alleged violations of the Fourth Amendment based on the use of excessive force, seemingly premised on the use of a K-9 dog and Taser, and a failure to intervene.  Thus, to the extent Plaintiff is alleging a violation of § 1983 based on the use of excessive force and failure to intervene in contravention of the Fourth Amendment, he may assert such claims in the Amended Complaint in accordance with the requirements discussed hereinafter.

### C. Punitive Damages

Defendant City of Melbourne contends that Plaintiff is not entitled to punitive damages.  (Doc. 31 at 10-11).  "[M]unicipalities are immune from punitive damages under § 1983."  *Coleman v. Haines City, Florida*, No. 8:16-CV-440-T-24 JSS, 2016 WL 3258305, at *3 (M.D. Fla. June 14, 2016) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)).  Moreover, pursuant to Florida law, municipalities are immune from punitive damages for tort claims.  *See* Fla. Stat. §§ 768.28(2), (5); *see also Thomas v. City of Jacksonville*, No. 3:13-CV-737-J-32MCR, 2014 WL 3587404, at *4 (M.D. Fla. July 18, 2014).  Therefore, punitive damages are not recoverable against Defendants City of Palm Bay or City of Melbourne.  Consequently, in amending his Complaint as directed

hereinafter, Plaintiff may not include a claim for punitive damages against Defendants City of Palm Bay or City of Melbourne.

### D. Remaining Claims

Defendants argue *inter alia* that the remaining claims should be dismissed because the Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 30 at 2-7; Doc. 31 at 3-5). Specifically, Defendants note that the Complaint impermissibly incorporates every preceding paragraph and combines multiple defendants into each count making it difficult to determine which allegations are directed to individual defendants. (*Id.*).

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further directs:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The four categories of shotgun pleadings are as follows:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the

> last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23.

Review of Plaintiff's complaint establishes that it contains characteristics of the first, third, and fourth categories of shotgun pleadings. Plaintiff alleges seventeen paragraphs containing *inter alia* factual allegations which he incorporates into the four asserted counts. (Doc. 1-1 at 1-8). Each count after the first count incorporates all of the allegations from the previous counts, as well as, the factual allegations. (*Id.*). The counts fail to identify which acts or omissions the individual Defendants are responsible for or which of the individual Defendants the count is brought against. (*Id.* at 6-8).

For instance, count one alleges a claim of excessive force against all Defendants. (*Id.* at 7). However, the factual allegations do not assert any action taken by Defendants City of Palm Beach, City of Melbourne, Mimbs, or Muldoon evidencing a use of excessive force. Furthermore, although Plaintiff alleges in the factual allegations that some

Defendants failed to protect him from, or intervene in, the use of excessive force, Plaintiff does not assert a claim for failure to intervene/protect in any of the enumerated counts.

Likewise, as discussed *supra*, count two simply alleges that Defendants have violated Plaintiff's civil rights without reference to how Defendants have violated his civil rights. In other words, it is not clear whether count two is premised on the use of excessive force and failure to protect in violation of the Fourth Amendment or something else contained in the factual allegations.

Furthermore, count three asserts that all Defendants negligently and intentionally inflicted emotional distress on Plaintiff. However, negligent infliction of emotional distress and intentional infliction of emotional distress are separate causes of action. Therefore, these claims should not be contained in the same count. Additionally, it is unclear what specific actions committed by each individual Defendant that Plaintiff is alleging resulted in either the negligent infliction of emotional distress or the intentional infliction of emotional distress.

Similar to count three, in count four Plaintiff alleges a claim of negligence as to all Defendants. However, he fails to allege what specific action or omission each individual Defendant did that was negligent.

Finally, the Court notes that in the factual allegations, Plaintiff asserts Defendants City of Palm Bay, City of Melbourne, Chief of Police Mimbs, and Chief of Police Muldoon destroyed a videotape of the incident. Nevertheless, it is not clear from review of the

Complaint if Plaintiff intends this to be a cause of action, and if so, if it relates to one of the four enumerated counts.

In sum, it is not clear from review of the Complaint how many counts Plaintiff is raising or the factual basis supporting each count against each individual Defendant. Consequently, the Motions to Dismiss will be granted, and Plaintiff will be provided an opportunity to file an Amended Complaint.

In amending the complaint, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. <u>Plaintiff must provide a brief, concise statement of facts for the claimed violations</u>.

<u>Further, Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." If Plaintiff intends to allege a number of related claims, then he must set forth each claim in a separate paragraph in the same complaint. Plaintiff must specify each claim he is raising in a separate count and explicitly state in that count which Defendant(s) are involved and what actions or omissions each individual Defendant did that resulted in the cause of action.</u>

<u>To amend his complaint, Plaintiff should completely fill out a new civil rights</u>

complaint form, marking it **Amended Complaint**. The Amended Complaint must include all of Plaintiff's counts/claims in this action; it should not refer back to the original complaint. Any claim/counts not contained in the Amended Complaint will not be considered by the Court. Plaintiff shall amend his complaint as described above within **TWENTY-ONE (21) DAYS** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice for failure to prosecute.**

### IV. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1. Defendants Douglas Muldoon, Officer Richards, Sergeant Evans, and the City of Palm Bay's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (Doc. 30) and Defendants Steve Mimbs, Officer Hughes, and the City of Melbourne's Motion to Dismiss (Doc. 31) are **GRANTED**.

2. Plaintiff shall file an Amended Complaint in accordance with this Order within **TWENTY-ONE (21) DAYS** from the date of this Order on the form provided by the Clerk of Court. Failure to do so within this time will result in the dismissal of this action without further notice.

3. The Clerk of Court is directed to mail Plaintiff a standard 42 U.S.C. § 1983 form with this Order.

**DONE AND ORDERED** in Orlando, Florida, this 9th day of August, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
John Raftopoulos
Counsel of Record