UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN RAFTOPOULOS,

    Plaintiff,

v.                                                   Case No. 6:15-cv-1063-Orl-37KRS

THE CITY OF PALM BAY, et al.,,,

    Defendants.

## ORDER

This case is before the Court on Defendants Steve Mimbs and John Doe Hughes' Motion to Dismiss the Third Amended Complaint (Doc. 48), Defendants Evans, Richards. And Muldoon's Motion to Dismiss the Third Amended Complaint (Doc. 49), and Plaintiff's Responses in Opposition (Doc. Nos. 53, 54). As discussed hereinafter, Defendants' Motions to Dismiss are granted in part and denied in part.

### I.     FACTUAL BACKGROUND[1]

Plaintiff, a prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Doc. 47.) Plaintiff is suing John Doe Hughes, Walter Evans, Mark Richards, Steve Mimbs, Douglas F. Muldoon, John Doe Shedrick,[2] and ten unidentified officers for actions occurring on July 7, 2012, during his arrest. (*Id.* at 5-7.) According to Plaintiff, Defendants

---

[1] The following statement of facts is derived from Plaintiff's Third Amended Complaint (Doc. 47).

[2] Defendant Shedrick was previously dismissed from the action. (Doc. 46 at 2.)

Evans, Hughes, and ten unidentified officers placed him on the ground. (*Id.* at 7.) After Plaintiff was subdued and while the ten unidentified officers were "mounted" on his back, Defendant Hughes, a K-9 handler, brought a K-9 to Plaintiff's face and commanded it to attack Plaintiff. (*Id.*). An unidentified officer told Defendant Hughes that an emergency response unit was in route and to call off the dog before it arrived. (*Id.*) The unidentified officers failed to protect Plaintiff while he was mauled by the K-9. (*Id.*). Defendant Hughes ordered the dog to cease its attack when the emergency response unit arrived. (*Id.*) Plaintiff suffered an injury to his left arm from the dog attack. (*Id.*).

While Plaintiff was being attacked by the K-9, Defendant Richards repeatedly deployed his Taser on Plaintiff's back without provocation. (*Id.*) The force lasted for approximately eight minutes. (*Id.*) The unidentified officers failed to protect Plaintiff from Defendant Richards' use of the Taser. (*Id.*) Plaintiff suffers from a heart condition caused by the Taser. (*Id.*) After the incident, Plaintiff sought to preserve the videotape of the incident. (*Id.*) Defendants Mimbs, Muldoon, and Shedrick destroyed the videotape to cover-up the other Defendants' conduct. (*Id.* at 7-8).

Plaintiff asserts Defendants violated his Fourth Amendment rights by allowing a K-9 to attack him and by tasering him. (*Id.* at 9-10.) Plaintiff further contends that Defendants conspired to violate his Fourth and Fourteenth Amendment rights. (*Id.*) Finally, Plaintiff maintains Defendants Mimbs and Muldoon violated his Fourteenth Amendment right to due process by destroying the videotape. (*Id.* at 11-12.)

## II.    STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must supply enough facts "to state a claim to relief that is plausible on its face," rather than simply "conceivable." *Twombly*, 550 U.S. at 570. Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (citations omitted). In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. ANALYSIS

Defendants assert that the Third Amended Complaint should be dismissed *inter alia* because it does comply with the pleading requirements of the Federal Rules of Civil Procedure and does not state a claim upon which relief may be granted. Defendants

further argue that they are entitled to qualified immunity. The Court will address Defendants' arguments in relation to Plaintiff's claims.

## A. Fourth Amendment Excessive Force Claims (Claims One, Two, and Five)

Defendants Hughes, Evans, and Richards contend that Plaintiff has failed to state a claim upon which relief may be granted for violation of the Fourth Amendment. They further argue that they are entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."*Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotation omitted). To be entitled to qualified immunity, a government official first must demonstrate that "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Rich v. Dollar,* 841 F.2d 1558, 1563-64 (11th Cir. 1988) (quoting *Zeigler v. Jackson,* 716 F.2d 847, 849 (11th Cir. 1983)). If the defendant satisfies this burden, then the Court must grant qualified immunity unless the plaintiff can demonstrate first, that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation by the officers; and, second, that it was clearly established at the time of the incident that the actions of the defendant were unconstitutional. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001)*; see also McCullough v. Antolini,* 559 F.3d 1201, 1205 (11th Cir. 2009). Courts are permitted to exercise discretion in determining which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *See Pearson*, 555 U.S. at 236.

"'To assert a Fourth Amendment claim based on the use of excessive force, the plaintiffs must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable.'" *Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1236 (M.D. Fla. 2008) (quoting *Troupe v. Sarasota County, Fla.*, 419 F.3d 1160, 1166 (11th Cir. 2005)). An excessive force claim arising out of an arrest is governed by the objective reasonableness standard of the Fourth Amendment. *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). A determination of whether the force was objectively reasonable requires the examination of numerous factors like "'(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically.'" *Burg*, 619 F. Supp. 2d at 1236-37 (quoting *Hadley*, 526 F.3d at 1329). The necessity for the use of force depends on factors such as "the severity of the crime, immediate danger to the officer or others, and attempts to resist arrest or evade arrest by flight." *Id.* at 1237 (citing *Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003)). "'[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "'[Q]ualified immunity applies unless application of the [reasonableness] standard would inevitably lead every reasonable officer . . . to conclude the force was unlawful.'" *Id.* (quoting *Slicker v. Jackson*, 215 F.3d 1225, 1232 (11th Cir. 2000)).

Plaintiff alleges Defendants Evans, Hughes, and ten unidentified officers placed him on the ground, and while he was subdued with officers on his back, Defendant Hughes, assisted by Defendant Evans, commanded a K-9 to attack Plaintiff. (Doc. 47 at 7-

9). Likewise, Plaintiff asserts Defendant Richards deployed a Taser repeatedly to his back during this time without provocation. (*Id.*) According to Plaintiff, the use of force lasted for approximately eight minutes. (*Id.*). Plaintiff suffered physical injuries as a result of the use of force. (*Id.*) From Plaintiff's allegations, the use of force, both the K-9 and the Taser, occurred after he was subdued. Consequently, the Third Amended Complaint states a claim for the use of excessive force against these Defendants. *See, e.g., Hadley*, 526 F.3d at 1330 ("Our cases hold that gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force."); *Hayden v. Broward Cty.*, No. 12-62278-CIV, 2014 WL 1877405, at *9 (S.D. Fla. May 9, 2014) ("While it was reasonable to use a certain amount of force to subdue Plaintiff and secure his firearm, . . . punching Plaintiff while he was already on the ground and under control, if true, may constitute a higher degree of force than was necessary to achieve the officers' aims."). Therefore, Defendants are not entitled to qualified immunity at this time. *See, e.g., Russe v. Losa-ID*. 04159, No. 09-20297CIV, 2009 WL 577758, at *3 (S.D. Fla. Mar. 5, 2009) (concluding the defendants could not establish entitlement to qualified immunity where the plaintiff alleged defendants ordered and encouraged dogs to attack him when he was already subdued on the ground). Accordingly, Plaintiff may proceed on his excessive force claims against Defendants Hughes, Evans, and Richards.

**B.  Conspiracy Claims (Claims Four and Six)**

Defendants Hughes, Evans, and Richards argue that Plaintiff has failed to state a claim upon which relief may be granted for conspiracy to violate Plaintiff's Fourth and Fourteenth Amendment rights.

> "To establish a prima facie case of a Section 1983 conspiracy, a plaintiff must show that "the defendants reached an understanding to deny the plaintiff's rights." *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008) (citing *Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990)). Additionally, the plaintiff must show "an underlying actual denial of [his] constitutional rights." *Hadley*, 526 F.3d at 1332 (quoting *GJR Invs.*, 132 F.3d at 1370). Finally, to allege a conspiracy, a plaintiff must make "particularized allegations" that a conspiracy exists. *GJR Invs.*, 132 F.3d at 1370. Vague and conclusory allegations suggesting a Section 1983 conspiracy are insufficient. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).

*Burge v. Ferguson*, 619 F. Supp. 2d 1225, 1236–37 (M.D. Fla. 2008). "'[T]o allege the existence of an agreement on the part of the defendants, a plaintiff need not point to a 'smoking gun;' instead, 'nothing more than an 'understanding' and 'willful participation' . . . is necessary to show the kind of joint action that will subject . . . parties to § 1983 liability.'" *Williams v. Fulton Cty. Sch. Dist.,* 181 F. Supp. 3d 1089, 1148 (N.D. Ga. 2016) (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990)).

The Third Amended Complaint summarily alleges that Defendants Hughes and Evans conspired with ten unidentified officers to deprive him of his Fourth Amendment right to be free from bodily harm and his Fourteenth Amendment right to due process. (Doc. 47 at 10.) Similarly, Plaintiff asserts in a conclusory fashion that Defendant Richards conspired with Defendants Hughes, Evans, and ten unidentified officers to deprive him of his Fourth Amendment right to be free from bodily harm and his Fourteenth Amendment right to due process. (*Id.* at 11.) However, Plaintiff has not pled facts demonstrating that Defendants reached an agreement or understanding to violate his constitutional rights. Additionally, Plaintiff has not asserted how the alleged conspiracy violated his right to due process. Consequently, the Court concludes that Plaintiff has

failed to state a claim for conspiracy. *See, e.g., Dukes v. Miami-Dade Cty.,* 232 F. App'x 907, 911–12 (11th Cir. 2007) (affirming dismissal of conspiracy claim because the plaintiff's allegation that the actions of the defendants were the result of a conspiracy were vague and conclusory). Accordingly, Plaintiff's conspiracy claims (Claims Four and Six) are dismissed.

**C.     Destruction of Videotape Claims (Claims Seven and Eight)**

Defendants Mimbs and Muldoon assert that Plaintiff has failed to state a claim for violation of his right to due process premised on the destruction of the videotape of the incident. They argue, therefore, that they are entitled to qualified immunity.

Although it is not clear to which due process right Plaintiff refers, the Court assumes Plaintiff intends to assert that his due process right to access to court was violated by the destruction of the videotape. "Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause." *Estate of Smith v. Marasco,* 318 F.3d 497, 511–12 (3d Cir. 2003) "To succeed on a denial of access claim, a plaintiff must show that the defendants (1) engaged in deliberate and malicious conduct that (2) resulted in actual injury, *i.e.*, that hindered the plaintiff's effort to pursue a legal claim." *DeMeo v. Tucker*, 509 F. App'x 16, 18 (2d Cir. 2013) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).

Plaintiff has alleged that Defendants Mimbs and Muldoon destroyed the videotape of the incident to cover-up the other Defendants' use of excessive force. Plaintiff's allegation, if true, demonstrates an attempt to deprive Plaintiff of access to courts for redress of this harm. Without such extrinsic evidence, it becomes Plaintiff's

word against those of Defendants. Consequently, Plaintiff has alleged facts demonstrating that the destruction of the videotape resulted in an actual injury. Thus, Plaintiff has sufficiently alleged a claim for violation of his right to due process based on the destruction of the videotape. Accordingly, Defendants Mimbs' and Muldoons' motions to dismiss these claims are denied.

**D.    Official Capacity Claims**

Defendants contend that Plaintiff has failed to state a claim against them in their official capacity. A suit against an individual in his official capacity is the same as a suit against the municipality. *See Cooper v. Dillon*, 403 F.3d 1208, 1221 n.8 (11th Cir. 2005) (citing *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2 (1997)). "When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Id.* at 1221 (footnote omitted) (citing *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986)). The Third Amended Complaint does not allege any claims premised on an official government policy or custom. Consequently, to the extent Plaintiff may have intended to sue Defendants in their official capacity, those claims are dismissed.

Any of Defendants' arguments not specifically addressed herein have been considered and are without merit.

### IV.    CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** as follows:

1.    Defendants Hughes and Mimbs' Motion to Dismiss the Third Amended Complaint (Doc. 48) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims

for conspiracy are dismissed. Plaintiff may proceed on his claims for use of excessive force and destruction of the videotape.

2. Defendants Richards, Evans, and Muldoon's Motion to Dismiss the Third Amended Complaint (Doc. 49) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims for conspiracy are dismissed. Plaintiff may proceed on his claims for use of excessive force and the destruction of the videotape.

3. The parties are directed to conduct discovery so that the due date of any discovery requested shall be not later than **December 8, 2017**. Any motions relating to discovery or motions to amend the pleadings, including to amend the complaint to name the John Doe Defendants or join other parties, shall be filed no later than **FOURTEEN (14) DAYS** thereafter.

4. All motions to dismiss and/or for summary judgment shall be filed by **January 15, 2018**.

5. On or before **February 5, 2018**, Plaintiff shall file a statement entitled **"Pretrial Narrative Statement."** The Pretrial Narrative Statement shall contain:

    (a)    A brief general statement of the case;

    (b)    A narrative written statement of the facts that will be offered by oral or documentary evidence at trial;

    (c)    A list of all exhibits to be offered into evidence at the trial of the case;

    (d)    A list of the full names and addresses of places of employment for all the non-inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their addresses);

(e) A list of the full names, inmate numbers, and places of incarceration for all the inmate witnesses that Plaintiff intends to call (Plaintiff must notify the Court of any changes in their places of incarceration);

(f) A summary of the anticipated testimony of <u>each</u> witness named in (d) and (e).

(g) A stipulation of facts/issues to be tried; and

(h) An estimated length of trial.

Plaintiff shall serve a copy of this in accordance with paragraph 9.

6. On or before **February 26, 2018**, Defendants shall file and serve upon Plaintiff a **"Pretrial Narrative Statement,"** entitled as such. The Pretrial Narrative Statement shall comply with paragraph 5 (a) through (h).

7. Failure of the parties to disclose fully in the Pretrial Narrative Statement or at the pretrial conference the substance of the evidence to be offered at trial will result in the exclusion of that evidence at the trial. The only exceptions will be (1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

8. If Plaintiff fails to file a Pretrial Narrative Statement, as required by paragraph 5 of this order, paragraph 6 of this order shall be inoperative and Defendants shall notify the Court of Plaintiff's failure to comply.

9. Plaintiff shall serve upon defense counsel, at the address given for him/her in this order, a copy of every pleading, motion, memorandum or other paper submitted for consideration by the Court and shall include on the original document filed with the

Clerk of the Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum, or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service or they will be disregarded by the Court.

10. On the consent of all parties, a United States Magistrate Judge may either (a) conduct all proceedings, including the entry of a final order determining the case and a jury or non-jury trial, if warranted, or (b) conduct any and all proceedings and enter a final order as to specified motions only. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Local Rule 6.05. Appeal is directly to the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia, in the same manner as an appeal from any other judgment of the district court. 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Consent to proceed before a United States Magistrate Judge may reduce litigation time and costs, and secure the just, speedy, and inexpensive determination of this action. *See* Fed. R. Civ. P. 1. The parties are free to withhold consent without adverse substantive consequences, in which case a United States District Judge will enter final adjudication.

If all parties wish to consent to proceed before a United States Magistrate Judge for all proceedings including a final order and a trial, if warranted, each party shall sign and date Form AO85 and return the form to the Clerk of Court. If all parties wish to consent to proceed before a United States Magistrate Judge for all proceedings and entry of a final order as to only specified motions, each party shall sign and date Form AO85

and return the form to the Clerk of Court. Consent forms should not be submitted unless they are signed by all parties. *The Clerk of the Court is directed to send to all counsel of record and all unrepresented parties a letter to counsel regarding proceedings before a United States Magistrate Judge, Form AO85, and Form AO85A.*

**DONE AND ORDERED** in Orlando, Florida, on October 11th, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
John Raftopoulos
Counsel of Record